IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:18CR367 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN L. BROOKS, | ) | RESPONSE TO MOTION TO DISMISS |
| | ) | INDICTMENT |
| Defendant. | ) | |

Now comes the United States of America by and through its counsel, United States

Attorney Justin E. Herdman, and Assistant United States Attorney Teresa Riley, and hereby

responds to Defendant John L. Brooks Motion to Dismiss the Indictment in the above captioned

case.  For reasons stated below, the government respectfully requests that the Motion be denied.

FACTS AND PROCEDURAL HISTORY

On December 14, 2017, a federal grand jury in the Norther District of New York returned

a one-count indictment against Defendant for Tampering with Evidence.  NDOH - Case No.

5:17MJ1207, Doc. #1.  An arrest warrant was signed by U.S. Magistrate Judge Christian F.

Hummel from the Northern District of New York on that case.  On December 18, 2017,

Defendant was arrested in the Northern District of Ohio, Eastern Division on the New York

warrant and appeared before U.S. Magistrate Judge Kathleen B. Burke.  On that date, Defendant

signed a waiver of the identity and detention hearings and consented to be transported to New

York to answer to the charge there.  Defendant remains in federal custody on the New York case

(1:17CR402 - NYND) and started trial on January 15, 2019.  (see attached).

During the pendency of the case in New York, the USAO for the NDOH discovered that the federal On July 10, 2018, a federal grand jury in the Northern District of Ohio, Eastern Division, returned an indictment charging Defendant with three counts of Providing False Information in the Acquisition of a Firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). An arrest warrant was issued and a detainer was filed with the U.S. Marshals for this case.

Defendant has not been arrested on the warrant out of the Northern District of Ohio and has not appeared before this Court for an arraignment because he remains held in custody on his case out of the NDNY.  Upon resolution of that case, Defendant will become available and will be brought to the NDOH for arraignment on the charges here.

On January 10, 2019, Defendant filed a pro se Motion to Dismiss for Denial of Constitutional Rights of Due Process and Right to Speedy Trial.  (Doc. #3).  Defendant moves to dismiss the indictment pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure.  *Id.* at PageID 10.  However, Defendant's Motion also asserts that his Fifth and Sixth Amendment rights have been violated due to what he terms "the Government's deliberate and persistent pattern of oppressive and prejudicial delays in this action, all of which have combined to prevent the defendant from adequately preparing a defense against the charges."  *Id.*  Defendant claims that he has been prejudiced because the alleged acts occurred in late March of 2017, but he wasn't indicted until July of 2018, and therefore witnesses will be unavailable and his own memory of the acts has faded.  *Id.* at PageID 11.  Defendant admits that he has not been arraigned on this case or "even made aware of the indictment."  Defendant alleges that the Government's failure to produce him for arraignment through video or tele-conferencing has violates his rights under Due Process and caused prejudice to him.  *Id.*  Defendant cites only to facts alleged and fails to direct the Court to any case law in support of his Motion.

LAW AND ARGUMENT

The Sixth Amendment provides that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. This Clause is "an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Marion*, 404 U.S. 307, 320 (1971) (internal quotation marks and citations omitted).  As stated above, Defendant's Motion first states the grounds for dismissal are under Rule 48(b) of the Federal Rules of Criminal Procedure.  Rule 48(b) allows dismissal of an indictment by the Court "if unnecessary delay occurs in:  (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. Pro. 48(b).

In *Marion*, the Supreme Court stated that Rule 48(b) is clearly "limited to post-arrest situations."  The Court stated,

> Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge.  But we decline to extend that reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case.

*Marion*, 404 U.S. at 321-22.

Because Defendant has not been arrested on the NDOH case, the question becomes whether dismissal is appropriate because he has not arraigned on the NDOH indictment or because the alleged acts occurred in March of 2017 and he was not indicted until July of 2018.

3

Pre-indictment delay has been discussed in *Marion* and *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). In those cases, the Court recognized pre-indictment delay as a proper ground for dismissal of indictments in certain circumstances. The Court there stated that although statutes of limitations are the primary guarantees against the government's bringing overly stale charges, the due process clause plays a limited role in protecting against prosecutorial delay. Even if the applicable statute of limitations has not expired, due process requires dismissal of indictments when the delay in bringing formal charges is unjustified by the legitimate needs of the prosecution and causes the defendant to suffer actual substantial prejudice.

> The Due Process Clause of the Fifth Amendment has a limited role, beyond the safeguards provided by statutes of limitations, in protecting a defendant's rights against oppressive delay in the commencement of a criminal prosecution when the delay is unjustified by the legitimate needs of the investigation or prosecution. *See United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984). A dismissal of an indictment because of pre-indictment delay is warranted only when the delay (1) causes "substantial prejudice" to the defendant, and (2) is "an intentional device to gain tactical advantage over the accused." *Id.*; *United States v. Marion*, 404 U.S. 307, 324 (1971). Importantly, "the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment." *United States v. Lovasco*, 431 U.S. 783, 790 (1977). Rather, courts "are to determine only whether the action complained of ... violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." Id. (internal quotation marks and citations omitted).

*United States v. Elias,* 2018 WL 2095727, *7 (May 7, 2018). Courts must balance four factors to determine whether a delay violated the Sixth Amendment right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "No one factor is determinative; rather, they are related factors which must be considered together with such other circumstances as may be relevant." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006).

In this case, the U.S. Attorney's Office for the NDOH was not made aware of the criminal acts committed in our district until December of 2017, when Defendant was brought for his appearance on the New York charges.  Therefore, there was a delay of merely seven months before indictment here.  A seven-month period of time to allow local agents to investigate the crimes here and for prosecutors to determine if local charges are appropriate is not excessive. "[P]rosecutors do not deviate from "fundamental conceptions of justice" when they defer seeking indictments until they have probable cause to believe an accused is guilty; indeed it is unprofessional conduct for a prosecutor to recommend an indictment on less than probable cause. It should be equally obvious that prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilt beyond a reasonable doubt. To impose such a duty would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." *Lovasco,* 431 U.S. at 790. Therefore, the length of delay is short, seven months, and reason for the delay, investigation and determination of whether sufficient evidence exists to support those charges, are factors that weigh in favor of the government.

As referred to above, it is the understanding of the undersigned that Defendant was attempting to resolve both cases in New York, likely through a Rule 20 motion and agreement to plead guilty, since the indictment.  In an effort to benefit the Defendant by facing charges in only one District, the government's counsel has worked with the NY USAO for resolution of both cases.  It was only after Defendant chose to not resolve the cases together that he filed the Motion to Dismiss at issue.  Despite Defendant's allegations, the charges against him in this District are no surprise to him, as his counsel in New York and the USAO in New York have had numerous conversations about consolidation of the case before this Court and the New York

case.  Additionally, Defendant's affidavit cites to the statutes of the charges that are contained in the Indictment despite his Motion stating that he "was never even made aware of the indictment by the Government."  Doc. #3-1, PageID 13, Doc. #3, PageID 11.  The Affidavit also states, "I am the defendant in the matter and as such I am fully familiar with the facts and circumstances surrounding such matter."  Doc. #3-1, PageID 13.  Finally, the charges out of New York are for tampering with evidence.  The evidence at issue in that case are the exact firearms that Defendant is alleged to have straw purchased here in Ohio.  The tampering involves Defendant's actions of taking the firearms back from the felons he purchased them for in New York to prevent law enforcement from seizing them for the prosecution of those felons in New York. Therefore, any witness that could provide testimony for Defendant on the New York case, could also testify in this case.  It is unlikely that either the Defendant's memory or the witnesses memories would fade as he is currently in trial on the New York case.  Based on the above, Defendant's affidavit and Motion lack credibility and the final factors should also be weighed in favor of the government.

Finally, any claims under 18 U.S.C. § 3161(c)(1), the Speedy Trial Act, must be denied. Under the Speedy Trial Act, a defendant must be brought to trial within 70 days from the date of indictment or arraignment, whichever is later.  18 U.S.C. § 3161(c)(1).  In this case, however, Defendant has not appeared or been arrested under the charges here.  Therefore, the Speedy Trial Act under 18 U.S.C. § 3161(c)(1) does not apply and is not a valid basis to dismiss the Indictment.

As stated previously, Defendant is currently in trial in NDNY.  It is the government's intention that Defendant be brought to the NDOH to be arraigned on the charges before this Court as soon as he is available.

CONCLUSION

Based on the above, the government respectfully requests that this Court deny

Defendant's Motion to Dismiss the Indictment in the above captioned case.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Teresa Riley
      Teresa Riley (OH: 0075719)
      Assistant United States Attorney
      Federal Building
      2 South Main Street, Room 208
      Akron, OH 44308
      (330) 761-0519
      (330) 375-5492 (facsimile)
      Teresa.Riley@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of January 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Teresa Riley
Teresa Riley
Assistant U.S. Attorney